OPINION OF THE COURT
Jack Dubinsky, J.
Respondent moves to vacate warrant of eviction issued January 14,1985 and also warrant issued January 31,1985. Neither warrant has been executed.
The motions are granted.
A novel question is presented: does a Marshal to whom a warrant was issued have the authority to correct an erroneous designation of apartment in the warrant or must he return it to the Civil Court for correction or issuance of a new warrant before execution?
The answer is he must return the warrant for correction or issuance of a new warrant. He has no authority to correct the warrant.
FACTS
Pursuant to stipulation dated December 14,1984 between the parties, final judgment of possession of apartment 8D at premises 114 East 84th Street, New York City, was granted in favor of petitioner against respondent by reason of nonpayment of rent in sum of $5,943.13. In accordance with the stipulation, the judgment granted provided for issuance of a warrant forthwith, *754 execution stayed to December 19, 1984 to allow respondent to make payment to petitioner. Respondent did not do so.
On January 14,1985, the judgment was signed and, at request of the Marshal, a warrant was issued by the court. Due to inadvertence, the warrant specified 7B was the subject apartment.
After the warrant was issued, the Marshal learned 8D not 7B was the correct apartment.
According to the Marshal’s secretary, upon discovery of the error she telephoned the Landlord and Tenant Clerk’s office at 111 Centre Street to check the court file in order to verify 8D was indeed the subject apartment and obtain permission to correct the warrant so as to specify apartment 8D. The secretary stated she does not know with whom she spoke but that “they” verified an error in fact had been made and authorized her to correct the warrant. Thereupon, in her own handwriting, she corrected the warrant by drawing a line through 7B and inserting 8D.
After the correction was made, the Marshal on January 23, 1985 served a 72-hour notice upon respondent, as the tenant of apartment 8D.
On January 25, 1985, a man appeared at the Landlord and Tenant Clerk’s office on behalf of respondent with a certified check in sum of $5,965.63 (the amount of the judgment and the costs) drawn on the account of one Robert J. Mehlman to the order of the Clerk of the Civil Court to pay the judgment. The payment clerk of the Landlord and Tenant Clerk’s office rejected the payment, noting on the file: “Tenant appeared 1/25/85 to pay $5965.00 by certified check. Unable to accept payment. No evidence in file that warrant no longer active. Max Neuberger, payment clerk.”
On January 31, 1985, at petitioner’s request, a new warrant, specifying the correct apartment, 8D, was issued to the Marshal.
LAW

Issuance of Warrant.

RPAPL 749 is the statutory basis for warrants of eviction in summary proceedings. Subdivision (1), relating to issuance of warrants, provides: “Upon rendering a final judgment for petitioner, the court shall issue a warrant directed to * * * any * * * marshal of the city in which the property * * * is situated * * * describing the property, and commanding the officer to remove all persons, and * * * put the petitioner into full possession.”
*755 The warrant issued January 14, 1985 did not refer to 8D but rather to 7B, the wrong apartment. Thus, it did not comply with the statutory requirement to “describe the property”. Accordingly, the warrant was invalid.
The correction by the Marshal’s secretary of the apartment designation in the warrant did not make the warrant valid. There is nothing in the law giving a Marshal or his staff authority to do so.
Under CCA 109 “[t]he chief clerk and such other non-judicial personnel as shall be authorized by rule or order of court shall * * * have the power to * * * sign the process or mandate of the court.” CCA 204 provides: “after the court has determined that a warrant of eviction be issued, it shall not be necessary for the court to sign the warrant, but it may be signed by the clerk of said court.” Implicit in these statutory provisions is the limitation that only the chief clerk and perhaps certain other nonjudicial personnel on the court staff may correct a warrant after its issuance but before execution. Those persons cannot delegate such authority to anyone else, including to a Marshal or his secretary.
Furthermore, even assuming designated court personnel could delegate authority to a Marshal or his staff to make a correction, the evidence here is insufficient to establish such delegation was made. The Marshal’s secretary was unable to name or identify the person with whom she spoke on the phone when she allegedly called the Landlord and Tenant Clerk’s office for permission to correct the warrant to specify apartment 8D rather than 7B. The Marshal should have returned the warrant of January 14,1985 for correction or issuance of a new warrant.

Payment.

RPAPL 751 provides:
“The respondent may, at any time before a warrant is issued, stay the issuing thereof * * * as follows:
“1. Where the lessee or tenant holds over after a default in the payment of rent * * * he may effect a stay by depositing the amount of the rent due * * * and the costs of the special proceeding, with the clerk of the court * * * who shall thereupon, upon demand, pay the amount deposited to the petitioner or his duly authorized agent”.
There is no rule or regulation requiring a tenant to make the deposit personally or prohibiting its acceptance by the clerk from any other person on behalf of the tenant.
*756 As the warrant of January 14, 1985 was invalid from inception, respondent’s attempted rent deposit on January 25, 1985 with the clerk of the court, in effect, constituted compliance with RPAPL 751 so as to stay the issuance of any further warrant. Accordingly, the warrant of January 31, 1985 is also invalid.
The warrants of January 14, 1985 and January 31, 1985 therefore are vacated.
Respondent is directed to deposit the amount of the judgment, $5,943.13, and the costs, $22.50, total $5,965.63 with the clerk of the court by certified check within five days after service of a copy of this decision and order with notice of entry, upon respondent and her attorney, Richard L. Aronstein, by personal service, or regular and certified mail. The clerk is directed to accept said payment nunc pro tune.